1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| **SCOTT SCHOLZ,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT** |
| | ) |
| **J.M. ADJUSTMENT SERVICES,** | ) |
| **LLC AND NAJAH MANNI,** | ) |
| | ) |
| Defendants. | ) |

## NATURE OF ACTION

1.     This is an action brought under the Fair Debt Collection Practices
Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28
U.S.C. § 1331.

3.     Venue is proper before this Court pursuant to 28 U.S.C. §1391(b),

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendants transact business in this district.

## PARTIES

4.      Plaintiff, Scott Scholz ("Plaintiff"), is a natural person who at all relevant times resided in the State of Washington, County of Snohomish, and City of Bellevue.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, J.M. Adjustment Services, LLC ("JMAS") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      JMAS is registered as a "Collection Agency" in the state of Washington.  (See License Details, attached hereto as Exhibit "A").

8.      A "Collection Agency" license is defined by the state of Washington as a "[l]icense required to any business that directly or indirectly solicits claims for collection, collects, or attempts to collect claims from Washington State residents."  *See* Definitions, Washington State Department of Licensing, https://fortress.wa.gov/dol/dolprod/bpdLicenseQuery/lqsDefinitions.aspx?DefCod

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

e=LE5.

9.    Defendant, Najah Manni ("Manni") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

10.    "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

11.    Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA."  *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see   Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

(D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

12.    J.M. Adjustment Services, LLC and Najah Manni ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

13.    Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

14.    Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

15.    Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16.    Plaintiff retained counsel to represent him with regard to Bank of

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

America account number 68209002706899, and Plaintiff's counsel sent notice of such representation to Bank of America on or about August 12, 2010, attached hereto as Exhibit "C."

17.     Following Plaintiff's notification to Bank of America that he had retained attorney representation, Bank of America referred the account to Defendants for collection.

18.     Subsequently, Defendants sent Plaintiff written communication dated December 20, 2010 for the purpose of collecting an alleged debt with regard to said account, when Defendants knew, or should have known, Plaintiff was represented by counsel, attached hereto as Exhibit "B."

19.     Defendants sent Plaintiff written communication dated December 20, 2010 in connection with an attempt to collect an alleged debt, said communication having been specifically designed to induce Plaintiff to make payment toward and/or settle said alleged debt, in which Defendants failed to notify Plaintiff that the communication was from a debt collector.

20.     Defendants sent Plaintiff written communication dated December 20, 2010 in connection with an attempt to collect an alleged debt, which stated in relevant part, as follows:

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

It is important for you to respond to this letter immediately.

(See Exhibit "B").

In having made such statement, Defendants represented that there was a sense of urgency with regard to its communication that was not, in fact, an urgent matter, and constitutes a misrepresentation specifically designed to induce Plaintiff to make payment toward and/or settle an alleged debt.

21. Defendants' actions constitute conduct highly offensive to a reasonable person.

**COUNT I**
**FDCPA SECTION 1692c(a)(2)**
**ALL DEFENDANTS**

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

23. 15 U.S.C. § 1692c(a)(2) states:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
> *     *     *
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-6

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;

24.     "[T]o allow a creditor to hire a debt collector after receiving actual knowledge that the consumer has retained legal representation for that debt and then withhold knowledge of this representation from the debt collector would blatantly circumvent the intent of the FDCPA."  *Powers v. Professional Credit Services, Inc.*, 107 F. Supp. 2d 166, 168 (N.D.N.Y. 2000).

25.     A creditor's actual knowledge can be imputed to collection agent "when the creditor has such knowledge and fails to convey it to ... the debt collector." *Id.* at 169.

26.     "[A] 'debt collector' is defined as a third party that assists or acts as an agent for the creditor."  *Catencamp v. Cendant Timeshare Resort Group-Consumer Finance, Inc.*,  471 F.3d 780, 781 (7th Cir. 2006); *see also Karnette v. Wolpoff & Abramson, L.L.P.*, 444 F.Supp.2d 640, 646 (E.D.Va.2006) (stating a "debt collector may function as an agent for the specific purpose of collecting debts ....").

27.     Plaintiff's counsel sent notice of representation to Bank of America on or about August 12, 2010. (See Exhibit "C").

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-7

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

28.     Subsequently, Bank of America retained Defendants to collect, or attempt to collect, Plaintiff's alleged debt.

29.     Defendants, through Bank of America, knew that Plaintiff was represented by counsel.

30.     Despite knowledge of Plaintiff's representation by counsel, Defendants sent Plaintiff written communication dated December 20, 2010 for the purpose of collecting an alleged debt.  (See Exhibit "B").

31.     Defendants had knowledge of Plaintiff's representation by counsel through Defendants' direct communication with Bank of America.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-8

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

and proper.

## COUNT II
## FDCPA SECTION 1692e(10)
## ALL DEFENDANTS

32.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 21.

33.     15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

34.     The FTC's commentary on Section 1692e(10) states:

> A debt collector may not communicate by a format or envelope that misrepresents the nature, purpose, or urgency of the message. It is a violation to send any communication that conveys to the consumer a false sense of urgency. However, it is usually permissible to send a letter generated by a machine, such as a computer or other printing device. A bona fide contest entry form, which provides a clearly optional location to enter employment information, enclosed with request for payment, is not deceptive.

FTC Staff Commentary on the FDCPA, 53 Fed. Reg. 50097-50110 (Dec. 13, 1988), *available at* http://ftc.gov/os/statutes/fdcpa/commentary.shtml#807.

35.     Section 1692e was enacted against a backdrop of cases in which courts held that communications designed to create a false sense of urgency were

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-9

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

deceptive. *See, e.g., Trans World Accounts, Inc. v. FTC*, 594 F.2d 212, 215 (9th Cir.1979) (stating it is deceptive to make communications appear to be a telegram which heightened sense of urgency); *Romine v. Diversified Collection Svcs, Inc.*, 155 F.3d 1142, 1149 (5th Cir. 1998) (stating that creating a false sense of urgency violates the FDCPA).

36.     Post-FDCPA courts have read the language of § 1692e as encompassing this concern. *Rosa v. Gaynor*, 784 F.Supp. 1, 5 (D.Conn.1989) (placing collection letter on attorney's letterhead deceptive where letter is not from attorney because it creates a false sense of urgency).

37.     It is widely held that creating a "false sense of urgency" is a deceptive and misleading practice within the meaning of the Act. *Goswami v. American Collections Enterprise, Inc.*, 395 F.3d 225, 228 (5th Cir.2004); *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir.1998); *Ozkaya v. Telecheck Services, Inc.*, 982 F.Supp. 578, 584 (N.D.Ill.1997)

38.     Defendants sent Plaintiff written communication dated December 20, 2010 in connection with an attempt to collect an alleged debt, which stated in relevant part, as follows:

It is important for you to respond to this letter immediately.

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-10

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

(Exhibit "B").

39.    In having made such statement, Defendants represented that there was a sense of urgency with regard to its communication that was not, in fact, an urgent matter, and constitutes a misrepresentation specifically designed to induce Plaintiff to make payment toward and/or settle an alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated the 15 U.S.C. § 1692e(10);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

**COUNT III
FDCPA SECTION 1692e(11)
ALL DEFENDANTS**

40.    Plaintiff repeats and re-alleges each and every allegation contained

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-11

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

in paragraphs 1 through 21.

41.    15 U.S.C. § 1692e(11) requires a debt collector "to disclose in subsequent communications that the communication is from a debt collector."

42.    "The provisions of the FDCPA are clear that in initial or subsequent communications, it must be disclosed that the communication is from a debt collector." *Drossin v. Nat'l Action Financial Services, Inc.*, 641 F. Supp. 2d 1314, 1319 (S.D. Fla. 2009).

43.    "A collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communications." *Masciarelli v. Richard J. Boudreau & Associates, LLC*, 529 F. Supp. 2d 183, 186 (D. Mass. 2007).

44.    "[T] he plain language of the statute as it now reads, having been amended, requires a debt collector to identify in subsequent communications that he is a debt collector." *Winberry v. United Collection Bureau, Inc.*, 692 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010).

45.    United States Circuit Courts of Appeals have uniformly rejected contentions that the disclosure requirements of section 1692e(11) do not apply to follow-up communications. *Pipiles v. Credit Bureau of Lockport*, 886 F. 2d 22, 26 (2d Cir. 1989) ("[W]e must now address the question left open in Emanuel and

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

determine whether the Notice, a follow-up communication, was also required to comply.  We hold that it was, and therefore rule that Pipiles has established a violation of section 1692e(11).”); *Frey v. Gangwish*, 970 F. 2d 1516, 1520 (6th Cir. 1992) (“follow-up communications are subject to the disclosure requirements of section 1692e(11)”); *Carroll v. Wolpoff & Abramson*, 961 F. 2d 459, 461 (4th Cir. 1992), *cer*t. *denied*, 113 S. Ct. 298 (1992) (holding that follow-up notices are subject to the disclosure requirements of section 1692e(11)); *Dutton v. Wolpoff & Abramson*, 5 F. 3d 649, 654 (3d Cir. 1993) (rejecting *Pressley* because it “changes the clear and unambiguous language ‘all communications’ and substitutes the more limited phrase ‘some communications.’”).

46.    Defendants sent Plaintiff written communication dated December 20, 2010 in connection with an attempt to collect an alleged debt.  (Exhibit “B”).

47.    Defendants December 20, 2010 communication, having been specifically designed to induce Plaintiff to make payment toward and/or settle an alleged debt, failed to notify Plaintiff that the communication was from a debt collector.  (See Exhibit “B”).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k,

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-13

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)  Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 27th Day of April, 2011.

s/Jon N. Robbins
Jon N. Robbins
WEISBERG & MEYERS, LLC
Attorney for Plaintiff

COMPLAINT FOR VIOLATIONS OF THE FAIR
DEBT COLLECTION PRACTICES ACT-14

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com